UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RODRICK S. BETZ** (#728006) | : | CIVIL ACTION |
| | : | NO. 22-162-BAJ-SDJ |
| **VERSUS** | : | JUDGE BRIAN A. JACKSON |
| **JAMES LEBLANC, TIM HOOPER, AND TYREKA HARDY** | : | MAGISTRATE JUDGE SCOTT D. JOHNSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The Plaintiff, Rodrick S. Betz, filed suit under 42 U.S.C. §1983 and Louisiana state law against Defendants, James LeBlanc and Tim Hooper. For the reasons discussed below, Plaintiff's complaint is subject to dismissal in its entirety for failure to state a claim upon which relief can be granted. Plaintiff only refers to Defendants as being employees of the Louisiana Department of Public Safety and Corrections (DPSC).

**I.   Statement of the Facts**

Plaintiff, Rodrick Betz, was originally sentenced to life in prison[1] under the Habitual Offender Act for the conviction of Aggravated Obstruction of a Highway. On May 11, 2021, his life sentence was vacated and he was sentenced to ten years.[2]

Plaintiff alleges that he was due to be released on May 12, 2021 and was not released until January 14, 2022, per the orders of his second step response that was granted on his behalf.[3]

---

[1] R. Doc. 1, Pg. 4
[2] *Id.*
[3] *Id.*

1

Plaintiff alleges that being held eight (8) months past his release date violated his due process rights.[4]

In Plaintiff's second claim, he alleges that his civil rights were violated under the Eight Amendment's cruel and unusual punishment clause by holding and unlawfully detaining plaintiff beyond the prescribed new sentence set forth by the court. Plaintiff alleges to have chronic illnesses that require medical specialist and treatment. Plaintiff alleges that his wellbeing was in danger by being forced to live in inhumane conditions beyond the date he should have been released.[5]

## II.    12(b)(1) – 11th Amendment Motion to Dismiss for Lack of Jurisdiction

The absence of subject matter jurisdiction over some of Plaintiff's claims is evident on the face of his Complaint. Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.[6] The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[7] Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.[8] When reviewing a "facial attack" on jurisdiction, the well-pleaded factual allegations of the Complaint are accepted as true and the Court evaluates the sufficiency of those allegations.[9] "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)."[10]

Under the Eleventh Amendment of the United States Constitution, a non-consenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts

---

[4] *Id.*
[5] *Id.*
[6] Fed. R. Civ. P. 12(b)(1)
[7] *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995).
[8] *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).
[9] *Isom v. Louisiana Off. of Juv. Just.*, No. CV 21-00013-BAJ-SDJ, 2021 WL 5763560, at *2 (M.D. La. Dec. 3, 2021) (citing *Paterson v. Weinberger,* 644 F.2d 521, 524 (5th Cir. 1981)).
[10] *Hall v. Louisiana*, 974 F. Supp. 2d 978, 985 (M.D. La. 2013) (citing *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir.1992)).

by her own citizens or by the citizens of another state.[11] Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under §1983.[12] The Eleventh Amendment grants a state, or "arm of the state," sovereign immunity from a suit against it in federal court.[13] To the extent that Plaintiff is seeking monetary damages against the defendants in their official capacities, such claims are barred by the Eleventh Amendment and should be dismissed. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983.[14] The United States Supreme Court has specifically addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.[15]

The Complaint does specifically differentiate the defendants in their individual or official capacities. To the extent that Plaintiff is suing the defendants in their official capacities, Plaintiff has failed to state a claim under § 1983 against Defendants in their official capacities, and to the extent Plaintiff seeks monetary relief from the defendants in their official capacities, all such claims are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction.

### III.   12(b)(6) Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint."[16] These factual allegations

---

[11] *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).
[12] *Quern v. Jordan*, 440 U.S. 332, 345 (1979).
[13] *Vogt. Bd. Of Comm'rs of Orleans Levee Dist.,* 294 F.3d 684, 688-89 (5th Cir. 2002)(citing *Regents of the Uni. Of Cal v. Doe, 519 U.S. 425, 429 (1997))*.
[14] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
[15] *Hafer v. Melo*, 502 U.S. 21, 25 (1991).
[16] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

must raise a right to relief above the speculative level.[17] The Supreme Court has explained "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.[18] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] But "[t]he plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.*"[20]* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[21] Jurisdictional allegations are subject to the same plausibility requirement.[22] In determining whether a plaintiff has stated a claim, a court must consider "the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference and matters of which a court may take judicial notice."[23]

### A. Defendants are entitled to Qualified Immunity and all claims should be dismissed.

*Secretary James Leblanc*

The Plaintiff does not allege any facts concerning Secretary Leblanc's actions. Plaintiff does not provide any sufficient facts against Secretary Leblanc or his involvement on an official or individual capacity. Plaintiff provides no indication of whether Secretary Leblanc is sued under a theory of "personal involvement" or "supervisor liability."  [24]

---

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[18] *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009)(quoting *Twombly*, 550 U.S. at 570).
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *McMahon v. Fenves*, 946 F.3d 266, 270 (5th Cir. 2020); *see also Lujan*, 504 U.S. at 561.
[23] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).
[24] *Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. [] However, a supervisor may be held liable is there exists either (1) his *personal involvement* in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's *wrongful conduct* and the constitutional violation.").

Qualified immunity shields government officials performing discretionary functions from civil damages liability "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.[25] Determining whether an officer is entitled to qualified immunity requires a two-step inquiry. First, "we ask whether the officer's alleged conduct has violated a federal right."[26] Second, "we ask whether the right in question was clearly established at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct."[27] When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." [28]

In determining what constitutes clearly established law, this [C]ourt first looks to Supreme Court precedent and then to our own.[29] When there is no direct controlling authority, "this [C]ourt may rely on decisions from other circuits to the extent that they constitute a robust consensus of cases of persuasive authority."[30] Ultimately, the touchstone is 'fair warning': The law can be clearly established 'despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights."[31]

Supervisory officials may be liable under § 1983 for their failure to adopt policies if that failure causally results in a constitutional injury.[32] Liability only arises when the officials act, or fail to act, with "deliberate indifference," a "disregard [for] a known or obvious consequence of

---

[25] *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).
[26] *Cole v. Carson*, 935 F.3d 451 (5th Cir. 2019)
[27] *Id.*
[28] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir.2002)
[29] *Shumpert v. City of Tupelo*, 905 F.3d 310, 320 (5th Cir. 2018).
[30] *Id.*
[31] *Id* at 321.
[32] *Crittindon v. LeBlanc*, 37 F.4th 177, 186 (5th Cir. 2022) (Citing *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011)).

[their] action[s]."³³ A plaintiff must introduce evidence that each Defendant had "actual or constructive notice" that their failure to adopt policies would result in constitutional violations.³⁴ This typically requires showing notice of "[a] pattern of similar constitutional violations" due to deficient policies, permitting the inference that Defendants deliberately chose policies causing violations of constitutional rights.³⁵

Plaintiff has not alleged or provided facts to show that Secretary Leblanc acted with deliberate indifference. He also did not provide evidence to show that there is a similar pattern of constitutional violations. There are no facts alleged that Secretary Leblanc knew of or had fair warning of any policy that would result in constitutional violations.

Plaintiff has failed to show that Secretary Leblanc directly participated in the violation of his rights. A supervisory official may be held liable if he "affirmatively participates in the acts that cause the constitutional deprivation.³⁶ A plaintiff must show the defendant's deliberate indifference to plaintiff's constitutional rights. This requires evidence that an official "disregarded a known or obvious consequence of [their] action[s].³⁷

Secretary Leblanc is entitled to qualified immunity on any direct participation claim, as Plaintiff alleges no facts that Defendant Leblanc has any knowledge of a risk of harm to Plaintiff, nor are there any allegations that Leblanc took any unconstitutional actions. Moreover, even Plaintiff alleges that his ARP was granted.³⁸ Plaintiff does not provide evidence to show that Defendant Leblanc was aware of the risk of Plaintiff being overdetained. He does not provided evidence or allege that Defendant had fair warning of Plaintiff being overdetained. Accordingly,

---

³³ *Id.*
³⁴ *Porter*, 659 F.3d at 447
³⁵ *Id.*
³⁶ *Porter*, 659 F.3d at 446
³⁷ *Porter, 659 F.3d at 446–47*, quoting *Connick, 563 U.S. at 61, 131 S.Ct. 1350*.
³⁸ R. Doc. 1, Pg. 4

6

Plaintiff has failed to allege actions that are unreasonable in light of a clearly established law. Plaintiff's allegations do not support a finding of deliberate indifference. Defendant Leblanc is entitled to qualified immunity.

### *Warden Tim Hooper*

The Plaintiff does not allege any facts concerning Warden Hooper's actions. Warden Hooper is the warden of Louisiana Penitentiary (LSP) where Plaintiff was housed. Plaintiff does not provide any sufficient facts against Warden Hooper or his involvement on an official or individual capacity. Similar to Defendant Leblanc, Plaintiff provides no indication of whether Warden Hooper is sued under a theory of "personal involvement" or "supervisor liability."

Plaintiff has not alleged or provided facts to show that Warden Hooper acted with deliberate indifference. He also did not provide evidence to show that there is a similar pattern of constitutional violations. There are no facts alleged that Warden Hooper knew of or had fair warning of any policy that would result in constitutional violations.

Plaintiff also has failed to show that Warden Hooper directly participated in the violation of his rights. A supervisory official may be held liable if he "affirmatively participates in the acts that cause the constitutional deprivation.[39] A plaintiff must show the defendant's deliberate indifference to plaintiff's constitutional rights. This requires evidence that an official "disregarded a known or obvious consequence of [their] action[s].[40]

Warden Hooper is entitled to qualified immunity on a direct participation claim, because once the prison became aware of the risk of plaintiff being overdetained, DPSC and LSP took prompt action and released Plaintiff. Plaintiff does not provide evidence to show that Defendant was aware of the risk of Plaintiff being overdetained. He does not provided evidence or alleged

---

[39] *Porter*, 659 F.3d at 446
[40] *Porter*, 659 F.3d at 446–47, quoting *Connick*, 563 U.S. at 61, 131 S.Ct. 1350.

that Defendant had fair warning of Plaintiff being overdetained. Accordingly, Plaintiff has failed to allege actions that are unreasonable in light of a clearly established law. Plaintiff's allegations do not support a finding of deliberate indifference. Defendant Leblanc is entitled to qualified immunity.

### B. **Plaintiff state law claims fail and should be dismissed**.

In the false imprisonment claim, Plaintiff alleges that he was unlawfully detained.[41] He does not state that he was physically detained by any of the defendants and Plaintiff alleges that in the legal custody of the Department of Public Safety and Corrections. Detention *by the Defendant* is an essential element of a false imprisonment claim.[42] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[43] Accordingly, Plaintiff's allegation that DPSC detained the Plaintiff must be accepted as true. In light of that allegation, Plaintiff did not plead any facts that would allow the Court to infer that James LeBlanc is liable for state law false imprisonment. The claim should be dismissed.

### IV. CONCLUSION

Plaintiff's complaint should be dismissed. Defendants are entitled to Eleventh Amendment Immunity against Plaintiff's official capacity claims for damages and such claims should be dismissed, without prejudice. Plaintiff has failed to state a claim upon which relief can be granted and Defendants Leblanc and Hooper are entitled to Qualified Immunity. Additionally, any and all state law claims of plaintiff fail. Accordingly, these claims should be dismissed with prejudice.

---

[41] *Id.*
[42] *Kennedy v. Sheriff of E. Baton Rouge*, 2005-1418 (La. 7/10/06), 935 So. 2d 669, 690
[43] *Iqbal, supra*

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:  *s/LaKeisha A. Ford*
**LAKEISHA A. FORD (LSBA #35479)**
**ASSISTANT ATTORNEY GENERAL**
**Louisiana Department of Justice**
**Litigation Division, Civil Rights Section**
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone:   225-326-6300
Facsimile:    225-326-6495
E-mail:         FordL@ag.louisiana.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 22, 2022, undersigned filed the above-entitled pleading electronically with the Clerk of Court by using the CM/ECF system and a copy of the foregoing was provided to pro se inmate plaintiff via U.S. First Class Mail, to the below name and address:

**Rodrick S. Betz**
**Inmate No: 116398**
**EBRPP**
**2867 General Mouton Issac Smith Ave.**
**Baton Rouge, Louisiana 70802.**

*/s/LaKeisha A. Ford*
LaKeisha A. Ford
Assistant Attorney General