UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RODRICK S. BETZ (#728006)** | : | **CIVIL ACTION** |
| | : | **NO. 22-162-BAJ-SDJ** |
| **VERSUS** | : | **JUDGE BRIAN A. JACKSON** |
| **JAMES E. LEBLANC, ET AL** | : | **MAGISTRATE JUDGE SCOTT D. JOHNSON** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ADMISSIONS DEEMED ADMITTED

**MAY IT PLEASE THE COURT:**

The moving parties, Defendants, Secretary James Leblanc and Warden Tim Hooper, move this Honorable Court to set aside any Admissions deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

**I.    STATEMENT OF THE CASE**

    **A.    FACTS**

Plaintiff, Rodrick Betz, was originally sentenced to life in prison[1] under the Habitual Offender Act for the conviction of Aggravated Obstruction of a Highway. On May 11, 2021, his life sentence was vacated and he was sentenced to ten years.[2]

Plaintiff alleges that he was due to be released on May 12, 2021 and was not released until January 14, 2022, per the orders of his second step response that was granted on his behalf.[3]

---

[1] R. Doc. 1, Pg. 4
[2] *Id.*
[3] *Id.*

Plaintiff alleges that being held eight (8) months past his release date violated his due process rights.[4]

In Plaintiff's second claim, he alleges that his civil rights were violated under the Eighth Amendment's cruel and unusual punishment clause by holding and unlawfully detaining plaintiff beyond the prescribed new sentence set forth by the court. Plaintiff alleges to have chronic illnesses that require medical specialist and treatment. Plaintiff alleges that his wellbeing was in danger by being forced to live in inhumane conditions beyond the date he should have been released.[5]

### B.    PROCEDURAL HISTORY

The pending suit is a civil rights action filed under 42 U.S.C. § 1983. On November 22, 2022, Defendants filed a *Motion to Dismiss* asserting, *inter alia*, the qualified immunity of the individual Defendants.[6]  Defendants filed a *Motion to Stay Discovery* pending the determination of the qualified immunity issues, which this Court granted on March 20, 2023.[7]  Prior to the Court ruling on the *Motion to Stay Discovery*, Plaintiff filed Interrogatories and Requests for Production of Documents.[8]

The Magistrate Judge issued *Report and Recommendations* on March 20, 2023, recommending that the monetary claims against Defendants in their official capacities be granted and that "in all other regards the Defendants' Motion be denied, without prejudice to refiling."[9]  It was also recommended that Plaintiff be given 21 days to amend his Complaint to allege facts to show deliberate indifference on the part of Defendants, Leblanc and Hooper. It was further recommended that Defendant Tyreka Hardy be dismissed.[10]

---

[4] *Id.*
[5] *Id.*
[6] Doc. 14.
[7] Docs. 15 and 18.
[8] Doc. 17.
[9] Doc. 19 at p. 8.
[10] Doc. 19 at p. 8.

Before a *Ruling* was issued, Plaintiff filed an *Amended Complaint* on March 31, 2023.[11] Plaintiff also filed *Admissions of Fact* and a *Motion for Production of Documents* on April 6, 2023, before a *Ruling* was issued on the *Report and Recommendations*.[12] This Honorable Court adopted the *Report and Recommendations* of the Magistrate Judge on April 13, 2023, permitting Defendants to refile the *Motion to Dismiss* and allowing Plaintiff 21 days to amend his *Complaint*. On April 26, 2023, Plaintiff filed an *Addendum to Amended Complaint*.[13]

On May 4, 2023, Defendants filed a *Second Motion to Dismiss* based on the *Amended Complaint* and *Addendum to Amended Complaint*, asserting qualified immunity.[14]

## II.  LAW AND ARGUMENT

The general rule is that admissions deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3) if not answered within 30 days. However, Plaintiff's *Request for Admissions* (Doc. 21) were filed on April 6, 2023, prior to the *Ruling* on the *Motion to Dismiss* issued on April 13, 2023 (Doc. 23), at which time discovery was stayed. (Doc. 18).

On the issue of qualified immunity, defendants show that a "[d]efendant entitled to claim qualified immunity is shielded not only from liability but also from 'the costs of trial [and] ... the burdens of broad-reaching discovery."[15] Qualified immunity is "an immunity from suit" that protects defendants from "pretrial discovery, which is costly, time-consuming, and intrusive."[16] Defendants' claim of qualified immunity is well founded and Defendants herein should not be burdened with the cost and expense of discovery in this matter unless and until a ruling of Defendants' *Second Motion to Dismiss* is made.

---

[11] Doc. 20.
[12] Docs. 21 and 22.
[13] Doc. 25.
[14] Doc. 28.
[15] *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987)(quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 816 (1982)).
[16] *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (quoting *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).

As such, and out of abundance of caution, Defendants respectfully submit that this Honorable Court should issue an order setting aside any Admissions deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

### III. CONCLUSION

Defendants, Secretary James Leblanc and Warden Tim Hooper, respectfully request that this Honorable Court issue an order setting aside any Admissions deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

Respectfully submitted,

                                                **JEFF LANDRY**
                                                **ATTORNEY GENERAL**

                                                BY: */s/ Dawn T. Mire*
                                                Dawn T. Mire (#21096)
                                                Assistant Attorney General
                                                Louisiana Department of Justice
                                                Litigation Division, Civil Rights Section
                                                1885 North Third Street, Fourth Floor
                                                Post Office Box 94005
                                                Baton Rouge, Louisiana (70804-9005)
                                                Telephone: 225-326-6300
                                                Facsimile: 225-326-6495
                                                E-mail: MireD@ag.louisiana.gov
                                                *Attorney for Defendants*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 9th, 2023, undersigned filed the above-entitled pleading electronically with the Clerk of Court by using the CM/ECF system and a copy of the foregoing was provided to pro se inmate plaintiff via U.S. First Class Mail, to the below name and address:

**Rodrick S. Betz**
**Inmate No: 116398**
**EBRPP**

**2867 General Mouton Issac Smith Ave.
Baton Rouge, Louisiana 70802.**

(The latest information in the possession of Defendants is that Plaintiff is currently located at the above address).

*/s/ Dawn T. Mire*
Dawn T. Mire
Assistant Attorney General
