# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RODRICK S. BETZ**                         **CIVIL ACTION**

**VERSUS**                                  **NO. 22-162-BAJ-SDJ**

**JAMES LEBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 18, 2023.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODRICK S. BETZ                                                          CIVIL ACTION

VERSUS                                                                        NO. 22-162-BAJ-SDJ

JAMES LEBLANC, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Second Motion to Dismiss filed on behalf of Defendants James LeBlanc and Tim Hooper (R. Doc. 28). The Motion is opposed. *See* R. Doc. 32.

The *pro se* Plaintiff, a person formerly confined at Louisiana State Penitentiary, filed this proceeding against Defendants Secretary James LeBlanc, Warden Tim Hooper, and records department employee Tyreka Hardy,[1] complaining that his constitutional rights were violated due to eight months of overdetention. He seeks monetary relief. Plaintiff was granted leave to file an amended complaint and did so. *See* R. Docs. 20 and 25. The instant Motion was filed in response to Plaintiff's remaining claims.

Defendants assert pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell*

---

[1] Defendant Hardy has been dismissed. See R. Doc. 23.

*Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding this, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his amended Complaint, Plaintiff alleges the following: On May 11, 2021, Plaintiff's life sentence was vacated, and he was resentenced to a term of ten years. Plaintiff was scheduled to be released on May 12, 2021, but he was not released until January 14, 2022. During the eight months Plaintiff was unlawfully detained, he did not receive the treatment needed for his chronic illnesses.

Defendants were deliberately indifferent by continuing to rely on an outdated, inaccurate, and ineffective sentence computation system with a long history of erroneous sentence computations. Defendants have denied hundreds of inmate complaints regarding incorrect

sentence computations, which were later found to have merit, and numerous settlements have been paid. In prior litigation against Defendant LeBlanc, a well-documented pattern of overdetention was established, with one employee of the Department of Public Safety and Corrections testifying that at least one case of overdetention per week had been discovered for nine years. Despite being aware of these deficiencies, Defendants failed to implement corrective measures.

In response to Plaintiff's allegations, Defendants assert that they are entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the Motion to Dismiss filed on behalf of Defendants LeBlanc and Hooper should be denied. That there is a clearly-established right to timely release from prison is not disputed in this matter. The question is whether Plaintiff has alleged sufficient facts to plausibly allege a violation of this constitutional right by Defendants LeBlanc and Hooper. As previously discussed in the Magistrate Judge's prior Report and Recommendation (R. Doc. 19), Plaintiff must allege facts tending to show deliberate

indifference on the parts of Defendants LeBlanc and Hooper. Plaintiff alleges that, despite knowledge of the faulty computation system, numerous inmates having meritorious computation claims, prior litigation regarding overdetention, and the payment of settlements for overdetention, Defendants still failed to act, resulting in an alleged eight months of overdetention for Plaintiff. Inaction under these circumstances is indicative of deliberate indifference. As such, Plaintiff's allegations are sufficient to overcome the qualified immunity defense at this stage.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the Motion to Dismiss filed on behalf of Defendants LeBlanc and Hooper (R. Doc. 28) should be denied and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on August 18, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**