UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODRICK S. BETZ                                                CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                                  NO. 22-00162-BAJ-SDJ

RULING AND ORDER

This *pro se* action asserts a violation of constitutional rights resulting from Plaintiff's overdetention while he was confined at the Louisiana State Penitentiary (LSP). Plaintiff's amended complaint alleges that Department of Public Safety and Corrections (DPS&C) Secretary James LeBlanc, LSP Warden Tim Hooper, and LSP Records Department employee Tyreka Hardy[1] unlawfully incarcerated him for 8 months past his designated release date. (Doc. 20 at 1). Plaintiff seeks compensatory and punitive damages.[2] (*See* Doc. 25 at 2).

Now before the Court is Defendants' **Second Motion To Dismiss For Lack Of Subject Matter Jurisdiction And For Failure To State A Claim Upon Which Relief Can Be Granted (Doc. 28, the "Motion")**, and a response by

---

[1] LSP Records Department employee Tyreka Hardy was dismissed from the original complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 23 at 3). As 90 days have passed since Plaintiff's Amended Complaint again named Defendant Hardy and she has not been served, she must be dismissed without prejudice for the same reason. *See Johnson v. Tosuni*, No. 3:20-CV-0261-E-BK, 2020 WL 3260092, at *1 (N.D. Tex. May 29, 2020), *report and recommendation adopted*, No. 3:20-CV-0261-E-BK, 2020 WL 3259800 (N.D. Tex. June 16, 2020) (dismissing without prejudice following *pro se* plaintiff's two unsuccessful attempts at service).

[2] Plaintiff's official capacity claims for monetary damages have been dismissed. (*See* Doc. 23 at 3).

Plaintiff (Doc. 32). Defendants argue that the Amended Complaint is conclusory and vague, that they are entitled to qualified immunity in connection with Plaintiff's remaining claims against them, and that Plaintiff's state law claims of false imprisonment should be dismissed because Plaintiff has not alleged that the Defendants physically detained him. (*See id.* at 4–8). Plaintiff asks the Court to deny the Motion. (*See* Doc. 32).

The Magistrate Judge issued a **Report and Recommendation (Doc. 35, the "Report")** recommending that the Motion be denied (*See* Doc. 35 at p. 5). The Defendants object to the Report. (Doc. 38).

Upon *de novo* review and having carefully considered Plaintiff's Amended Complaint (Doc. 20), the Addendum to Amended Complaint (Doc. 25), the parties' pleadings (Docs. 28, 32), the Defendants' objection to the Report (Doc. 38), and related filings, the Court agrees with the Report's findings.

On the qualified immunity issue, the Magistrate Judge found that Plaintiff alleges facts tending to show deliberate indifference on the part of Defendants LeBlanc and Hooper. (*See* Doc. 35 at 5). Namely, Plaintiff alleges that despite knowledge of a faulty computer system, numerous meritorious claims for overdetention, prior litigation regarding overdetention, and the payment of settlements for overdetention claims, Defendants knowingly failed to act to ensure his timely release. (*Id.*). Plaintiff has plausibly alleged that he spent eight months in unlawful detention because of this inaction, carelessness, and ineptitude. (*See* Doc. 20 at 1–2). Nothing more is required of Plaintiff at this stage. *See, e.g., Buchicchio v.*

2

*LeBlanc*, No. CV 22-00147-BAJ-EWD, 2023 WL 2027809, at *14 (M.D. La. Feb. 15, 2023) (Jackson, J.) ("Plaintiff's allegations that Secretary LeBlanc failed to adopt policies to prevent his unlawful detention easily overcome Secretary LeBlanc's qualified immunity defense at [motion-to-dismiss] stage."). Crucially, the Fifth Circuit recently reaffirmed its decades-old rule that "overdetention by thirty days is a per se deprivation of due process." *Crittindon v. LeBlanc*, 37 F.4th 177 (5th Cir. 2022), *cert. denied*, No. 22-1171, 2023 WL 6377920 (U.S. Oct. 2, 2023). By that logic, this Plaintiff alleges a per se deprivation of due process eight times over.

With respect to the state law claims of false imprisonment, Defendants argue that Plaintiff needed to allege LeBlanc and Hooper's role in Plaintiff's detention. (Doc. 28-1 at 13–14). To the contrary, Plaintiff's *pro se* allegations against these DPS&C employees are sufficient. *See Hicks v. Dep't of Pub. Safety & Corr.*, 595 F. Supp. 3d 463, 487 (M.D. La. 2022), *aff'd in part, appeal dismissed in part sub nom. Hicks v. LeBlanc*, No. 22-30184, 2023 WL 5694871 (5th Cir. Sept. 5, 2023) (Dick, C.J.) (denying motion to dismiss false imprisonment claim for overdetention against Secretary Leblanc); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citations and quotation marks omitted)).

In sum, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter. Accordingly,

**IT IS ORDERED** that Defendants' **Motion (Doc. 28)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Tyreka Hardy be and are hereby **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to timely effect service.

**IT IS FURTHER ORDERED** that this matter be and is hereby immediately **REFERRED** to the Magistrate Judge for the issuance of a Scheduling Order to proceed with the litigation of the above-captioned matter.

Baton Rouge, Louisiana, this 2nd day of November, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**