UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RODRICK S. BETZ** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO.: 3:22-cv-00162-BAJ-SDJ** |
| **VERSUS** | * | |
| | * | **JUDGE: BRIAN A. JACKSON** |
| | * | |
| | * | **MAGISTRATE JUDGE:** |
| **JAMES LEBLANC, ET AL** | * | **SCOTT D. JOHNSON** |

*************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO STAY

**NOW INTO COURT**, through undersigned counsel, come defendants Secretary Gary Wescott and Warden Timothy Hooper ("Defendants"), who file this Motion to Stay. Defendants request that this Court invoke its inherent power to stay this case to promote judicial efficiency. Two purported class actions are currently pending in the Middle District, bringing the same claims brought in this lawsuit. *Brian Humphrey v. James LeBlanc*, No. 20-cv-00233 and *Giroir v. James LeBlanc*, No 21-cv-00108. In *Humphrey* and *Giroir,* the motions for class certification are pending. According to Plaintiff's allegations, he may meet the class definitions in both lawsuits.

Defendants assert that judicial efficiency would be promoted by staying this lawsuit until the Court rules on class certification in *Humphrey* and *Giroir*. If the class is certified, and Plaintiff is a class member in both suits, he would need to either opt out of both suits, and proceed with this action, or choose to pursue his claims in the class action represented by class counsel. In order to avoid potential risk of inconsistent judgments on the same issues, Defendants pray that this motion be granted, and that this case be stayed pending the Court's ruling on class certification in *Humphrey v. James LeBlanc*, No. 20-cv-00233 and *Giroir v. James LeBlanc*, No 21-cv-00108.

In the alternative, Defendants pray that the scheduling order be extended and that the parties be given an additional 60 days to file cross motions for summary judgment.

1. **Factual Background**

Plaintiff brings claims under 28 USC §1983 for alleged overdetention. Plaintiff alleges that his life sentence was vacated on May 11, 2021 and he was sentenced to 10 years. He asserts that he was entitled to release following this sentence. Plaintiff alleges that despite knowledge of a faulty computer system, numerous meritorious claims for overdetention, prior litigation regarding overdetention, and the payment of settlements for overdetention claims, Defendants knowingly failed to act to ensure his timely release. R.Doc. 20. Plaintiff has alleged that he spent eight months in unlawful detention because of this inaction, carelessness, and ineptitude. See Doc. 20 at 1—2. Defendants deny these allegations. R.Doc. 56.

In April 2020, a similar purported class action complaint was filed in this court, entitled *Brian Humphrey v. James LeBlanc*, No. 20-cv-00233. In *Humphrey*, the named Plaintiff seeks to represent a class of "persons who have been remanded to the custody of the DOC since April 16, 2019, and who were entitled to release at the time of their remand (either pursuant to sentencing or parole revocation), but who were released by the DOC more than 48 hours past the date that they were remanded to the DOC's custody due to Defendant's failure to implement and maintain an adequate process for timely releasing inmates.."[1]

In February 2021, another purported class action suit concerning overdetention, titled *Giroir v. James LeBlanc*, No 21-cv-00108. In *Giroir*, the named plaintiff seeks to represent a class of "persons who have been, or will be, sentenced to the custody of the Louisiana DOC, and who were, or will be, entitled to release at the time of their sentencing, but who nevertheless remain in custody, now or in the future, due to Defendants' failure to implement and maintain an adequate process for timely releasing inmates, for more than 48 hours past their sentencing dates."

---

[1] See R.Doc. 213, in Case No. 20-cv-00233.

The allegations in *Humphrey* are identical to the allegations in *Giroir* - both complaints bring identical causes of action. The only difference in the two complaints is that the *Humphrey* action seeks monetary damages for claims arising one year before suit was filed seeking class certification pursuant to Rule 23(b)(1), while *Giroir* seeks prospective injunctive and declaratory relief only.

Further, the allegations in both *Humphrey* and *Giroir* are identical to the allegations in this case. In this case, based on Betz' allegations, he would likely fall into the class definition in both *Humphrey* and *Giroir*.

In both *Humphrey* and *Giroir*, Plaintiffs filed motions for class certification. A hearing was held in both cases on October 19, 2023. The parties await the Court's ruling on class certification.

**2. The Court's Inherent Power to Stay Proceedings for Judicial Economy**

A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The Supreme Court has advised that a stay must be "so framed in its inception that its force will be spent within reasonable limits, so far as they are susceptible of prevision and description." *Id*. There is nothing per se impermissible, however, about staying a lawsuit until after another related action has been tried. *Id*.

But "before granting a stay pending resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

In *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995), two similar suits were filed, and were consolidated for pre-trial proceedings. The district court stayed the later filed suit until after the trial of the first

filed suit. The Fifth Circuit held that the district court did not abuse its discretion in ordering a stay because the two cases involved similar issues and claims and the first filed case was larger and older. See also *Homespire Mortg. Corp. v. Gold Star Mortg. Fin. Grp., Corp.*, No. CV 21-00306-BAJ-SDJ, 2023 WL 5167345, at *3 (M.D. La. Jan. 27, 2023)("After all, it is decidedly inefficient to conduct parallel proceedings addressing the same underlying issues.").

Plaintiffs' allegations demonstrate that that he potentially meets the class definition set forth in the *Humphrey* and *Giroir* matter. If the *Humphrey* and *Giroir* class actions are certified, Plaintiff would need to opt out of any class action in order to maintain separate claim for damages. The *Humphrey* class action was filed before this instant lawsuit. Given that the briefing and class certification hearing are completed, the parties expect a ruling on class certification in the near future, a stay of this case would not be prejudicial.

Defendants request that this case be stayed pending resolution of the class certification motion in *Humphrey*. At that time, Plaintiff can determine if he will opt of the class and proceed with his instant claim, or proceed with his claim under Humphrey. Because it is "inefficient to conduct parallel proceedings addressing the same underlying issues"[2] Defendants pray that this motion to stay be granted.

In the alternative, if the stay is not granted, Defendants pray that the dispositive motion deadline be extended by 60 days so that the parties can address the issues of parallel proceedings and the impact of dispositive motions on the similar proceedings.

*(Signatures on Following Page)*

---

[2] *Homespire Mortg. Corp. v. Gold Star Mortg. Fin. Grp., Corp.*, No. CV 21-00306-BAJ-SDJ, 2023 WL 5167345, at *3 (M.D. La. Jan. 27, 2023).

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By:    s/Andrew Blanchfield
        Andrew Blanchfield, T.A. (#16812)
        Email: ablanchfield@keoghcox.com
        C. Reynolds LeBlanc (#33937)
        Email: rleblanc@keoghcox.com
        Chelsea A. Payne (#35952)
        Email: cpayne@keoghcox.com
        Special Assistant Attorneys General
        701 Main Street (70802)
        Post Office Box 1151
        Baton Rouge, Louisiana 70821
        Telephone: (225) 383-3796
        Facsimile: (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record, and by United States Mail to the Pro Se Plaintiff.

Baton Rouge, Louisiana, this 25th day of August, 2025.

                s/Andrew Blanchfield
                Andrew Blanchfield